```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

KAREN MUNOZ,                      )
                                  )
        Plaintiff                 )
                                  )     No. 3:15-0868
v.                                )     Chief Judge Sharp/Brown
                                  )     Jury Demand
METRO NASHVILLE PUBLIC SCHOOLS,   )
et al.,                           )
                                  )
        Defendants                )
```

**TO:  THE HONORABLE KEVIN H. SHARP**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice for failure to obey Court orders and to prosecute her case.

## BACKGROUND

This case was removed by Metro Nashville (Metro) from the circuit court on August 10, 2015 (Docket Entry 1). It was then referred to the undersigned for case management and a report and recommendation on any dispositive matter (Docket Entry 2). Metro promptly filed a motion to dismiss for failure to state a claim (Docket Entry 4) supported by a memorandum of law (Docket Entry 5).

In view of this motion the Magistrate Judge promptly set a case management conference for October 15, 2015, and in the order (Docket Entry 6) noted some concerns about whether violations of OSHA should apply to the employees of the school system and expressed some concern that the statute of limitations might have run on some of the personal injury claims. The parties were directed to be prepared to satisfy the Magistrate Judge about the federal jurisdiction in the matter.

It appears that a copy of the order setting the case management conference was received by someone at the Plaintiff's address in Antioch, Tennessee (Docket Entry 8). On September 29, 2015, the Magistrate Judge noted that the Plaintiff had not responded to the motion to dismiss and entered an order (Docket Entry 11) pointing out that four of the Defendants had not been served and that Plaintiff was responsible for obtaining service of process on them. The Magistrate Judge also noted that the response to the motion to dismiss was required to be filed within 14 days, that the Plaintiff had 21 days within which to amend the complaint, and that it appeared that the Plaintiff had not done either.

Because the Plaintiff was proceeding *pro se* and that the Magistrate Judge's scheduling order was entered on the same day that Metro had filed its motion to dismiss, it was possible that the Plaintiff did not understand the need to respond to the motion to dismiss. Accordingly, the Magistrate Judge advised the Plaintiff that she could wait until October 15, 2015, to set a time for the Plaintiff to respond to the motion to dismiss or to move to amend her complaint. The Plaintiff was told that she could anticipate that any additional time would not exceed 21 days from the case management conference on October 15, 2015.

Unfortunately, the Plaintiff did not appear at the case management conference on October 15, 2015. The Magistrate Judge entered a show cause order (Docket Entry 15) directing the Plaintiff to show cause within 14 days why the Magistrate Judge should not recommend that her case be dismissed for failure to obey Court orders and to prosecute her case. She was also advised that she must respond to the pending motion to dismiss within the same 14 days and she was specifically cautioned that failure to respond to the motion to dismiss (under Local

Rule 17.01(b)) would be taken as meaning that the Plaintiff did not object to the motion and that the Court may grant it if it appears well-supported.

As of the date of this report and recommendation, the Plaintiff has not responded. It fact, it appears that both regular and certified mail sent to the Plaintiff at her listed address has been returned as undeliverable (Docket Entries 17 and 18). The Plaintiff has taken no action to serve any Defendants other than Metro. Under the circumstances, the Magistrate Judge believes that only solution in this case is to recommend dismissal of the Plaintiff's case for failure to obey Court orders and to prosecute the case.

As Judge Campbell noted in the case of *Smith v. Corrections Corporation of America*, 3:14-CV-1259:

> An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521 at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield*, 92 F.3d 412,416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' *Link v. Wabash Railroad*, 370 U.S. 626,630-31 (1962).

A dismissal with or without prejudice is a drastic remedy, and before the Court dismisses an action under Rule 41(b), the Court must specifically consider:

(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault;

(2) whether the adversary was prejudiced by the dilatory conduct of the party;

(3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and

(4) whether the less drastic sanctions were imposed or considered before dismissal was granted. *Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999).

Initially, it appears that the Plaintiff received notice of the case management conference as well as copies of the Defendant's motion to dismiss. The Plaintiff failed to respond to the motion to dismiss within the time allotted under the Federal Rules of Civil Procedure and, even more critical, failed to respond to the Magistrate Judge's order setting the matter for a case management conference. As that order states, the Magistrate Judge would have given the Plaintiff additional time to respond to the motion to dismiss had the Plaintiff appeared at the case management conference. Unfortunately, the Plaintiff did not appear, and when the Plaintiff was issued a show cause order, mail sent to her address was returned as undeliverable.

It appears that the Plaintiff has, for some reason, abandoned the prosecution of her case. All of the Defendants, served and unserved, are harmed by the failure of the Plaintiff to attend a case management conference and to keep her current address on file.

The Plaintiff was specifically warned in the show cause order that failure to respond could result in a dismissal of her case.

While a more drastic recommendation for dismissal with prejudice could be entered, the Magistrate Judge has considered and will recommend a dismissal without prejudice.[1]

---

[1] Even though the dismissal is without prejudice, it may well be that any attempt by the Plaintiff to refile the case would not meet the requirements of the statute of limitations.

In view of this recommendation, the Magistrate Judge will not address Metro's motion to dismiss for failure to state a cause of action, as even granting that motion would not necessarily resolve the entire case since there are other Defendants who have not yet been served.

A recommendation to dismiss the case for failure to obey Court orders and to prosecute will terminate this case unless the Plaintiff is able to refile and obtain service of process on the Defendants.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that this case be dismissed without prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of November, 2015.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge